IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**LINCOLN DILLE, II**                                                           **PETITIONER**

**V.**                                   **CIVIL ACTION NO. 3:22-cv-477- HTW-LGI**

**WARDEN JAMES WILKINS**                                    **RESPONDENT**

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

This cause is before the Court on the Motion to Dismiss filed by Respondent Warden James Wilkins. Petitioner Lincoln Dille filed the instant petition for writ of habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent moved to dismiss the petition for failure to exhaust state court remedies as required under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) because it contained exhausted and unexhausted claims. Because Dille has now withdrawn his unexhausted claim, the undersigned recommends that the motion to dismiss should be denied as moot.

The law is well settled. Applicants seeking federal habeas relief under 28 U.S.C. § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief.[1] *Parr v. Quarterman*, 472 F.3d 245 (5th Cir. 2006). To satisfy the

---

[1] The exhaustion requirement is contained in Section 2254(b)(1) and provides in part the following:

   (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that

        (A)    the applicant has exhausted the remedies available in the courts of the State; or

        (B)(i)    there is an absence of available State corrective process; or

exhaustion requirement of § 2254(b)(1), a "habeas petitioner must have fairly presented the substance of his claim to the state courts." *Smith v. Dretke*, 422 F.3d 269, 276 (5th Cir. 2005). This requires submitting the factual and legal basis of every claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). A habeas petitioner who has failed to exhaust all post-conviction remedies has asserted no cognizable right to federal habeas relief under section 2254. *See Murphy v. Johnson*, 110 F.3d 10, 11 (5th Cir. 1997). Generally, moreover, when a petitioner files a "mixed petition," *i.e.,* containing both exhausted and unexhausted claims, it must be dismissed. *See Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). Though a petitioner may file a protective federal petition requesting that federal proceedings be stayed while he exhausts unexhausted claims, the Supreme Court cautions that "stay and abeyance should be available only in limited circumstances" because "granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts." *Rhines v. Weber*, 544 U.S. 269, 277, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005) (holding that district courts have discretion to stay-and-abate petitions containing both exhausted and unexhausted claims).

---

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

. . . .

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

In the instant case, Dille has not requested that this matter be held in abeyance pending exhaustion nor identified any circumstances warranting same. Rather, in response to the motion to dismiss, Dille requested leave to amend his unexhausted claim, and then subsequently moved to delete or withdraw the claim entirely. Respondent did not oppose the motion and the undersigned granted Dille's request to voluntarily dismiss his unexhausted claim. Accordingly, Respondent's motion to dismiss the petition for lack of exhaustion has been rendered moot.

For the reasons stated, the undesigned recommends that the Respondent's Motion to Dismiss for Failure to Exhaust be denied as moot.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party may serve and file written objections within 14 days after being served with a copy of this Report and Recommendation. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended,

effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

    Respectfully submitted on June 21, 2023.

                                           <u>s/ LaKeysha Greer Isaac</u>
                                           UNITED STATES MAGISTRATE JUDGE