IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**LINCOLN DILLE, II**                                                                            **PETITIONER**

vs.                                                        **CIVIL ACTION No.: 3:22-CV-477-HTW-LGI**

**WARDEN JAMES WILKINS**                                                              **RESPONDENT**

**ORDER**

Before this court is the Motion to Dismiss [Docket no. 25], filed by the prisoner Petitioner, Lincoln Dille, II ("Dille"). Dille, by way of his Motion, wishes to "restructure [his] [h]abeas [c]orpus [petition] and resubmit it", and requests that this court "dismiss [his] case and allow [him] another chance to come back with a stronger argument." [Docket no. 25]. Dille, thus, wishes to dismiss his petition for habeas relief without prejudice.

Respondent Warden James Wilkins filed a Response in Opposition [Docket no. 29], asking this court to deny Dille's request for voluntary dismissal without prejudice and, instead, dismiss the petition with prejudice.

On August 28, 2023, this court held a hearing regarding Dille's Motion to Dismiss his petition for federal habeas relief. Upon hearing oral argument from both sides, this court concluded that it must DENY Dille's request for the reasons following.

Dille filed his Petition for Writ of Habeas Corpus on August 15, 2022 [Docket no. 1], raising four grounds for relief: (1) his right to a speedy trial was violated; (2) the trial court mishandled a question from the jury, which violated his right to counsel; (3) the court excluded testimony about a prior violent act by the victim; (4) the State used all of its peremptory strikes (ten in all) to remove only Black/African-American prospective jurors. On March 1, 2023,

1

Respondent answered Dille's petition, addressing each of Dille's grounds for relief, and requesting that this court deny the petition with prejudice as meritless [Docket no. 22][1]. To date, Dille has filed no reply to the Respondent's opposition. On August 15, 2023, exactly one year from the date of filing of the original petition, Dille filed the subject motion to voluntarily dismiss his petition.

The United States Court of Appeals for the Fifth Circuit has held that "after [a] defendant has become actively engaged in the defense of a suit, he is entitled to have the case adjudicated and it cannot, therefore, be terminated without either his consent, permission of the court, or a dismissal with prejudice that assures him against the renewal of hostilities*.*" *Exxon Corp. v. Maryland Cas. Co.*, 599 F.2d 659, 661 (5th Cir. 1979). The Respondent has now been "actively engaged" in this case for over a year.

The Fifth Circuit further has held that "[p]lain legal prejudice may occur when the plaintiff moves to dismiss a suit at a late stage of the proceedings or seeks to avoid an imminent adverse ruling in the case, or where a subsequent refiling of the suit would deprive the defendant of a limitations defense." *Harris v. Devon Energy Prod. Co., L.P.*, 500 F. App'x 267, 268 (5th Cir. 2012) (citing *In re FEMA Trailer Formaldehyde Products Liab. Litig.*, 628 F.3d 157, 162 (5th Cir. 2010)). This court, in lockstep with the Fifth Circuit's rulings, finds that allowing Dille to dismiss his action without prejudice at this late stage would result in "plain legal prejudice" to the Respondent.

This court further notes that one-year statute of limitations provision of Antiterrorism and Effective Death Penalty Act (AEDPA), which governs writs of habeas corpus, has expired. U.SC. 28 U.S.C. § 2244(d) provides:

---

[1] Respondent first filed a motion to dismiss Petitioner's petition for failure to exhaust his state remedies on the right-to-counsel issue in Ground Two of the Petition. Petioner asked permission from this court to amend his petition to exclude Ground Two and to proceed on the remaining claims. [Doc. 13; Doc. 17]. The Court allowed Petitioner to amend his petition and proceed on the exhausted claims.

>   (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Unless the narrow exceptions of § 2244(d)(1)(B–D), listed above, apply, AEDPA requires that a petitioner's federal habeas corpus petition be filed within one year of the date that the petitioner's judgment of conviction becomes final, subject to tolling for the period when a properly-filed motion for post-conviction relief is pending in the state court. *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). Pursuant to the record before this court, Dille's underlying conviction and sentence for murder became final on June 21, 2022, when the Mississippi Supreme Court denied Dille's petition for certiorari review. *Dille v. Mississippi*, 142 S. Ct. 2846 (2022). Petioner has not sought any postconviction relief in the state court. Accordingly, Dille was required to file a habeas petition no later than June 21, 2023—one year from the date his conviction was final. This time has passed; the statute of limitations, therefore, has expired.

This court, accordingly, DENIES Dille's Motion to Dismiss **[Docket no. 25]**. This court, instead, shall proceed with a determination on the merits of the petition. Dille, having been advised by this court of the posture of his claims, has elected to pursue his Petition for Writ of Habeas

3

Relief. Petioner Lincoln Dille, II is granted until September 15, 2023[2], to file a response to Respondent's Response in Opposition to his petition [Docket no. 22]. Respondent, thereafter, shall file his Reply, if any, within seven (7) days of the Petitioner's response.

**SO ORDERED this the 28th day of August, 2023.**

                         /s/HENRY T. WINGATE
                         **UNITED STATES DISTRICT COURT JUDGE**

---

[2] This court initially granted Petitioner until September 8, 2023; however, after being advised by the prisoner Petitioner that he does not have in his possession a copy of the Respondent's opposition to his petition, this court extended the allotted time period to September 15, 2023, allowing Petitioner an additional week to receive and respond to the Respondent's Response in Opposition [Docket no. 22].